UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

KYODO SHIPPING LTD.,

          Plaintiff,

-against-

GROUPAMA TRANSPORT S.A.,
ASSICURANZIONI GENERALI - UK,
ASSICURANZIONI GENERALI SPA - UK,
REMBRANDT INSURANCE COMPANY,
INTERNATIONAL INSURANCE COMPANY
OF HANNOVER LTD., and TRYGVESTA
FORSIKRING A/S,

          Defendants.

-----------------------------------------------------------X

09 Civ. 8319 (RWS)

**BOND NO. 513459**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/3/09

### BOND AS SUBSTITUTE SECURITY
### FOR SUPPLEMENTAL ADMIRALTY RULE B MARITIME ATTACHEMENT,
### PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE E(5)

WHEREAS, Plaintiff KYODO SHIPPING LTD. ("KYODO") has obtained an *ex parte* order, dated October 9, 2009, authorizing issuance of Process of Maritime Attachment and Garnishment against Defendant ASSICURANZIONI GENERALIS SPA – UK ("Generali") *inter alia*, for security for Plaintiff's claims related to its claim for marine insurance coverage as alleged in a Verified Complaint filed dated October 1, 2009 (which claim is pending in litigation before the Danish Maritime and Commercial Court in Copenhagen, Denmark); and

WHEREAS, Kyodo's claim for security consists of (i) the principal sum of $188,663.55, (ii) estimated interest of $47,112.38, (iii) estimated attorneys' fees and legal costs of $18,750.00; and

WHEREAS, Defendant Generali seeks to provide substitute security in the form of a bond for the alleged claims asserted herein without waiver of or prejudice to any of its rights, including, but not limited to, any and all defenses or rights in respect of the validity of the order of attachment issued in the captioned action and/or the right to challenge the attachment and/or the right to seek countersecurity; and

WHEREAS, the provision of this bond is understood to be entirely without waiver of or prejudice to any and all other rights, claims counterclaims and/or defenses whatsoever which are, or may be available to Generali, and/or to any claims which Generali may have in respect of the matters alleged in the Verified Complaint and/or in the underlying Danish proceedings between the parties; and

NOW, therefore INTERNATIONAL FIDELITY INSURANCE COMPANY (the "Surety"), having an office and principal place of business at ONE NEWARK CENTER, 1111 RAYMOND BLVD. 20TH FLOOR, NEWARK NJ 071202, hereby agrees to be firmly bound to Kyodo in the sum of Two Hundred Fifty Four Thousand Dollars, Five Hundred Twenty Five Dollars and Ninety Three Cents ($254,525.93).

The condition of this obligation is that if Kyodo shall obtain a final, enforceable and unappealable monetary judgment, or judgments against Generali, within the proceeding herein filed in the United States District Court for the Southern District of New York (the "New York Proceedings") for the claims alleged in its Verified Complaint

filed herein, including a final, enforceable and unappealable monetary judgment or judgments issued in the New York Proceedings based upon a final and unappealable judgment against Generali issued by the Danish Maritime and Commercial Court in Copenhagen, Denmark, then the Surety shall satisfy such judgment, or judgments, after any and all appeals resulting therefrom have either been decided and/or the time for such appeal(s) has/have expired, up to and including the sum of Two Hundred Fifty Four Thousand Dollars, Five Hundred Twenty Five Dollars and Ninety Three Cents ($254,525.93).

The further condition of this obligation is that if the order of attachment issued herein is vacated with respect to Generali and Kyodo has not appealed such order, then this bond shall become null and void as of ten (10) business days from the entry of any such order of *vacatur* and the Surety shall have no further obligation hereunder.

The further condition of this obligation is that if Kyodo's claims are settled by compromise, and such settlement is confirmed in writing by Generali, or its attorneys or duly appointed agent, then the Surety agrees to pay the amount of the settlement so confirmed up to and including, but not to exceed, the sum of Two Hundred Fifty Four Thousand Dollars, Five Hundred Twenty Five Dollars and Ninety Three Cents ($254,525.93)

PROVIDED, HOWEVER, that under no condition whatsoever shall the liability hereunder exceed the sum of Two Hundred Fifty Four Thousand Dollars, Five Hundred Twenty Five Dollars and Ninety Three Cents ($254,525.93).

This Bond is furnished entirely without prejudice to any rights or defenses that Generali may have, none of which shall be deemed to have been waived by the provision of this Bond.

Dated: November ___, 2009.

                                      INTERNATIONAL FIDELITY
                                      INSURANCE COMPANY, Surety

                                      Elizabeth K. Wright, Attorney-in-Fact

Tel (973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY
HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

CONWAY C. MARSHALL, ELIZABETH K. WRIGHT, CLARK P. FITZ-HUGH, DARLENE A. BORNT, CATHERINE C. KEHOE, KRISTINE K. SELLERS, R. TUCKER FITZ-HUGH, ELIZABETH GARRISON, LINDA A. BOURGEOIS

New Orleans, LA.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 16th day of October, A.D. 2007.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Secretary

On this 16th day of October 2007, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said the he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.



IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2010

CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect

IN TESTIMONY WHEREOF, I have hereunto set my hand this 15th day of November, 2009

# INTERNATIONAL FIDELITY INSURANCE COMPANY
ONE NEWARK CENTER, 20TH FLOOR, NEWARK, NEW JERSEY 07102-5207

STATEMENT OF ASSETS, LIABILITIES, SURPLUS AND OTHER FUNDS

AT JUNE 30, 2008

## ASSETS

| | |
|---|---:|
| Bonds (Amortized Value) | $94,455,239 |
| Common Stocks (Market Value) | 16,240,186 |
| Mortgage Loans on Real Estate | 541,000 |
| Cash & Bank Deposits | 52,348,198 |
| Short Term Investments | 1,143,363 |
| Unpaid Premiums & Assumed Balances | 10,282,083 |
| Reinsurance Recoverable from Reinsurers | 465,823 |
| Electronic Data Processing Equipment | 164,252 |
| Investment Income Due and Accrued | 1,254,303 |
| Net Deferred Tax Assets | 3,500,000 |
| Other Assets | 2,536,796 |
| TOTAL ASSETS | $182,931,243 |

## LIABILITIES, SURPLUS & OTHER FUNDS

| | |
|---|---:|
| Losses (Reported Losses Net as to Reinsurance Ceded and Incurred But Not Reported Losses) | $16,250,571 |
| Loss Adjustment Expenses | 4,217,397 |
| Contingent Commissions & Other Similar Charges | (752,735) |
| Other Expenses (Excluding Taxes, Licenses and Fees) | 3,158,702 |
| Taxes, Licenses & Fees (Excluding Federal Income Tax) | 394,346 |
| Current Federal & Foreign Income Taxes | 0 |
| Unearned Premiums | 34,627,077 |
| Ceded Reinsurance Premiums Payable | 3,658,777 |
| Funds Held by Company under Reinsurance Treaties | 5,068 |
| Amounts Withheld by Company for Account of Others | 32,151,763 |
| Provisions for Reinsurance | 4,350 |
| Other Liabilities | 6,333 |
| TOTAL LIABILITIES | $93,721,649 |
| Common Capital Stock | $1,500,000 |
| Gross Paid-in & Contributed Surplus | 374,600 |
| Surplus Note | 16,000,000 |
| Unassigned Funds (Surplus) | 71,334,994 |
| Surplus as Regards Policyholders | $89,209,594 |
| TOTAL LIABILITIES, SURPLUS & OTHER FUNDS | $182,931,243 |

I, Francis L. Mitterhoff, President of INTERNATIONAL FIDELITY INSURANCE COMPANY, certify that the foregoing is a fair statement of Assets, Liabilities, Surplus and Other Funds of this Company, at the close of business, June 30, 2008, as reflected by its books and records and as reported in its statement on file with the Insurance Department of the State of New Jersey.



IN TESTIMONY WHEREOF, I have set my hand and affixed the seal of the Company, this 11th day of August, 2008.

INTERNATIONAL FIDELITY INSURANCE COMPANY