UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

KYODO SHIPPING, LTD.,

               Plaintiff,          09 Civ. 8319

  -against-                              OPINION

GROUPAMA TRANSPORT S.A.,
ASSICURANZIONI GENERALI - UK,
ASSICURANZIONI GENERALI SPA - UK,
REMBRANDT INSURANCE COMPANY,
INTERNATIONAL INSURANCE COMPANY OF
HANOVER LTD., and TRYGVESTA
FORSIKRING A/S,

               Defendants.

------------------------------------X

A P P E A R A N C E S:

    Attorneys for Plaintiff

    LYONDS & FLOOD, LLP
    65 West 36th Street, 7th Floor
    New York, NY 10018
    By:  Kirk M. Lyons, Esq.
         Jon Werner, Esq.

    Attorneys for Defendants

    NICOLETTI HORNIG & SWEENEY
    Wall Street Plaza
    98 Pine Street
    Seventh Floor
    New York, NY 10005-1801
    By:  James F. Sweeney, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/8/10

**Sweet, D.J.**

Defendants Groupama Transport S.A., Assicuranzioni Generali - UK, Assicuranzioni Generali SPA - UK, Rembrandt Insurance Company, International Insurance Company of Hanover Ltd., and Trygvesta Forsikring A/S (collectively, "Defendants") have moved to vacate the maritime attachment issued pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure in light of the Second Circuit Court of Appeal's decisions in The Shipping Corporation of India Ltd. v. Jaldhi Overseas Pte Ltd., 585 F.3d 58 (2d Cir. 2009) and Hawknet, Ltd. v. Overseas Shipping Agencies, 590 F.3d 87 (S.D.N.Y. 2009).

Plaintiff Kyodo Shipping, Ltd. ("Kyodo" or "Plaintiff") commenced this action on October 1, 2009, with the filing of a verified complaint seeking security for its claims against the Defendants pending in the Danish courts. On October 9, 2009, the Court issued an order (the "Attachment Order"), pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, authorizing the attachment of Defendants' property, including electronic fund transfers ("EFTs") passing through the district. Following service of the Attachment Order on several

1

garnishee banks in the district, a number of EFTs originating from Defendants were restrained. On October 29, 2009, Plaintiff also received notice from Societe Generale New York Branch ("SGNY") that $197,571.92 in funds were restrained in an account bearing the title "Groupama Transport" and that $143,827.08 in funds were restrained where SGNY was acting as an escrow agent for defendant Groupama Transport S.A.

On November 4, 2009, the Court granted Plaintiff's request for additional time to conduct limited discovery with respect to the relationship between the Defendants and their banks as well as permission to further brief the issue of whether Defendants retained attachable interests in the restrained fund transfers.

At the outset, the Court notes that Jaldhi dealt only with the attachment of EFTs passing through intermediary banks located in this district. See Jaldhi, 585 F.3d at 61. According to Plaintiff, the funds restrained at SGNY were not EFTs and therefore fall outside of the scope of Jaldhi. Defendants do not appear to challenge the validity of the Rule B attachment with respect to these funds, and the Court therefore treats

2

Defendants' motion as a challenge only to the attachment of EFTs passing through intermediary banks in this district.

In urging the Court to maintain the attachment, Plaintiff argues that the Court is bound by the pronouncements of New York courts with respect to state law, and the Appellate Division's holding in Palestine Monetary Authority v. Strachman, 62 A.D.3d 213 (N.Y. App. Div. 2009) ("PMA") requires that the attachment be upheld. However, the Court is bound by Second Circuit precedent, even on issues of state law. See Euro Trust Trading S.A. v. Uralsib Ins. Group, No. 09 Civ. 4712 (RJH), 2009 WL 5103217, at *1 (S.D.N.Y. Dec. 23, 2009); Cowen & Co. v. Tecnoconsult Holdings Ltd., No. 96 Civ. 3748 (BSJ), 1996 WL 391884, at *4 (S.D.N.Y. July 11, 1996). Further, Plaintiff's citation to PMA is unavailing. PMA's holding with respect to the immunity enjoyed by intermediary banks who choose to honor creditor processes does not bear on the question of whether New York law permits attachments by intermediary banks. See PMA, 62 A.D.3d at 227-28. In fact, PMA itself held that only the banks involved in an EFT transaction possess a property interest in an EFT. Id. at 228-30; see also Deval Denizcilik Ve Ticaret A.S. v. Schenker Italiana, No. 09 Civ. 0367 (DC), 2009 WL 5179015,

3

at *3 (S.D.N.Y. Dec. 23, 2009).  Furthermore, Plaintiff's suggestion that there may exist agency relationships between Defendants and the banks involved in these EFTs is unpersuasive in light of the absence of any evidence offered by Plaintiffs in support of this assertion.

Plaintiff also speculates that following the restraint of the EFTs, the funds were transferred to a suspense account, where they ceased to be EFTs and instead became attachable bank credits in which Defendants had a beneficial, contingent, or reversionary property interest. However, as the Honorable P. Kevin Castel has held:

> Attachment is an equitable remedy.  The so-called "funds" attached were an EFT at the moment of attachment.  It would be inequitable to permit plaintiff to continue to restrain funds that originated with an attachment of an EFT.

Amarante Shipping Pte Ltd. v. Kothari Prods. Ltd., No. 09 Civ. 7842 (PKC) (S.D.N.Y. Oct. 21, 2009) (unreported).  The Honorable John G. Koetl has likewise observed:

> [T]he fact that the bank restraining the funds may have transferred the funds to a separate account does not remove them from the scope of Jaldhi.

4

> No alchemy by the bank transformed EFTs that cannot be attached into property of the defendant that can be attached.

Gloria E.N.E. v. Korea Line Corp., No. 08 Civ. 2490 (JGK) (S.D.N.Y. Nov. 14, 2009) (unreported). See also Panamax Bulk AS v. Dampskibsselskabet Norden AS, No. 08 Civ. 8601 (JSR), 2009 WL 3853422, *1 (S.D.N.Y. Nov. 18, 2009); Ermis Mgmt. Co. Ltd. V. United California Disc. Corp., No. 09 Civ. 7452 (LAK) (S.D.N.Y. Nov. 18, 2009) (unreported); Hansa Sonderburg Shipping Corp. v. Hull & Hatch Logistics LLC, No. 09 Civ. 7164 (LTS) (S.D.N.Y. Nov. 16, 2009) (unreported) ("Because the original attachment was improper, the deposit of the funds into a segregated account, absent the consent of the defendant, did not cure the problem addressed in Shipping Corp. of India. The legal character of the funds did not change when they were deposited."); Setaf-Segat v. Cameroon Shipping Lines S.A., No. 09 Civ. 6714 (JGK) (S.D.N.Y. Nov. 14, 2009) (unreported). Similarly, Plaintiff's argument that the Defendants, as originators of the EFTs, retained an attachable interest in the funds pursuant to the "money back guarantee" contained in N.Y. U.C.C. § 4-A-402 has been previously rejected by courts in this district. See, e.g., Nova Maritime B.V.I. Ltd. v. Transvast Shipping Co. Ltd.,

No. 08 Civ. 6869 (SAS), 2009 WL 4884162 (S.D.N.Y. Dec. 16, 2009).

Finally, Plaintiff argues that Jaldhi should not be applied retroactively to its Rule B attachment in light of the equitable considerations associated with Plaintiff's reliance on Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 278 (2d Cir. 2002).  However, the Second Circuit has clearly stated that Jaldhi is to have retroactive effect, and the Court is not at liberty to depart from that holding.  See Hawknet, 590 F.3d at 91 ("[T]he rule announced in [Jaldhi] has retroactive effect to all cases open on direct review . . . ."); Calais Shipholding Co. v. Bronwen Energy Trading Ltd., No. 07 Civ. 10609 (PKL), 2009 WL 4277246, at *4 (S.D.N.Y. Nov. 24, 2009) ("This Court is bound by the Second Circuit's determination that EFTs are not attachable property under Rule B and that this change in the law applies retroactively.").  Plaintiff has also failed to establish that its reliance on its Rule B attachment entitles it to the equitable relief that it seeks.

6

For the foregoing reasons, the funds attached as a result of EFTs are ordered to be released immediately.

It is so ordered.

**New York, NY**
**February** /0 **, 2010**

ROBERT W. SWEET
U.S.D.J.